MIDDLETON *vs* DYER.—June, 1828.

A testator, the owner of a large tract of land, devised a part thereof as follows: "Beginning at my first bounded tree, running down *Zachia Swamp* to a branch called *Jordan's Branch,* and so up the branch to B's line; and if he (the devisee) has not 300 acres of land on that side of the branch, then he may run over the branch to make it 300"—*Held,* that in the location of this devise, the point of intersection of *Jordan's Branch,* intended by the testator, was the mouth thereof; and that it ought to be located from the beginning tree, by a course running down the general direction of *Zachia Swamp,* to the mouth of *Jordan's Branch.*

APPEAL from *Charles* County Court. Action of trespass for breaking and entering the close of plaintiff, (now appellee,) called *Jordan.* The defendant, (the appellant,) pleaded not guilty, and *liberum tenementum.* Issue was joined to the *first* plea, and general replication and issue to the *second* plea.

At the trial, the plaintiff offered in evidence the plots and explanations returned under a warrant of resurvey issued for that purpose. He then offered in evidence a patent of the tract of land called *Jordan,* granted to *William Joseph* on the 15th of November 1695, for 1500 acres; and also a deed for that tract of land, from *Joseph* to *John Smith,* bearing date the 11th of November 1696, whereby *Joseph,* in consideration of the sum of £176 sterling money, conveyed to *Smith,* his heirs and assigns, "all that tract or parcel of land called *Jordan,* lying in *Charles* county, in his Lordship's Manor of *Zachia,* and bounded as followeth, viz. Beginning at a bounded Spanish oak

standing on a point at the mouth of a small branch falling into the main branch of *Zachia Swamp*, about half a mile above the coach road where it crosseth the said main branch on the south side of said main branch, bounded on the east with the said main branch, and running down with the said main branch these following courses, viz. S," &c. [*six courses*,] to a bounded white oak standing at the mouth of a small branch falling into the said main branch of *Zachia Swamp*, then with a line drawn W S W, 510 perches, thence N 19° easterly, 846 perches, straight to the first bounded tree, containing and laid out for 1500 acres of land more or less." That *Smith* entered into the said tract of land, and was seized thereof; and being so seized made his last will, which the plaintiff offered in evidence, dated the 13th of April 1716, whereby, amongst other things, he devised as follows: "I give and bequeath to my son *John Smith*, this plantation whereon I now live, with three hundred acres of land, and no more, to him and his heirs and assigns, forever." "I give and bequeath to my daughter *Priscilla Moore*, the wife of *John Moore*, two hundred acres of land, to her and her heirs and assigns, forever; the two hundred acres I now give to the said *Priscilla Moore* to bound with the two hundred acres I gave to the said *John Moore* by a deed of gift, running from *Zachia Swamp* to the westward to the uppermost line." "I give and bequeath to my daughter *Elizabeth Smith*, three hundred acres of land, bounding upon *John Moore's* line, running from the *Zachia Swamp* westward to the uppermost or the outside line of the manor, to her and her heirs and assigns forever." "I give and bequeath to my daughter *Sarah Smith* three hundred acres of land, to her and her heirs and assigns, forever; the land lying on the south side of *Jordan's Branch*, running from *Zachia* up with the branch clear to the *Jordan's* uppermost line of the manor." "I give and bequeath to my wife *Ann Smith*, the plantation whereon I now live, during her life; and at her decease, the plantation to the above named *John Smith*, his heirs and assigns." "I do hereby express my will and meaning to be this, that the said *John Smith* shall hold three hundred acres of land, as aforesaid, upon this plantation whereon I now live, beginning at my first bounded tree, running down *Zachia Swamp* to a

branch called *Jordan's Branch,* and so up the branch to *Samuel Baggot's* line; and if he has not three hundred acres of land on that side of the *branch,* then he may run over the *branch* to make it three hundred; and that the said *John Moore* shall hold —— hundred acres of land, to make up four hundred acres in all, running with *George Ascomb's* line to the upper- most line of the manor; and that the said *John Moore, Eliza- beth Smith* and *Sarah Smith,* shall have their equally bredth of land upon *Zachia Swamp,* between *George Ascomb's* and the mouth of *Jordan's Branch.* I mean to have their bredth according to their complement of land between *George As- comb's* plantation and the mouth of *Jordan's Branch."* The plaintiff also offered in evidence the will of *John Smith,* the de- visee in the will of the first mentioned *John Smith,* (who had entered upon, and was seized of the land devised to him,) dated the 4th of June 1776, by which he made the following devises: "I give and bequeath unto my grandson *Basil Smith,* the land and plantation he now lives on, beginning at the first bound tree of the land called *Jordan,* running down *Zachia Swamp* to a spring at the mouth of a lane, then with a straight line by a marked white oak to a small branch, then up the said branch to a back line, and after my wife's decease, all the land between the said lane and the pasture branch, to him and his heirs forever." "I leave and bequeath unto *Mar- garet Smith,* my daughter-in-law, the land and plantation she now lives on; the said land to begin at the fork of a branch, called The *Pasture Branch,* running up the branch to the back line till it interseets *Basil Smith's* line, and with *Ba- sil's* line to the beginning; and after her decease to my grand- son *James Smith,* to him and his heirs forever." "I leave and bequeath unto my loving wife *Susanna Smith,* my dwel- ling-house and plantation, with all the land I am possessed of or entitled to, during her natural life; and after her decease to be equally divided between my two daughters *Susanna Dyer* and *Lucy Ordre Dyer,* to be divided by their own di- rection, to them and their heirs forever." The plaintiff also offered in evidence a deed to him from *Giles G. Dyer* and *Su- sanna* his wife, bearing date the 8th of May 1811, conveying

to him, the plaintiff, all that parcel of land devised by *John Smith*, last mentioned, to his two daughters *Susanna* and *Lucy Ordre Dyer*.   The defendant then proved his title and possession of the 300 acres of land devised to *Sarah Smith* by *John Smith*, the elder; and also gave evidence that *John Smith*, the elder, died upwards of 100 years ago, leaving *John Smith*, his only son, and *Priscilla, Elizabeth* and *Sarah*, his daughters.   The plaintiff then prayed the court to instruct the jury, that the correct location of the tract of land devised by *John Smith* to his son *John Smith*, was from A, the beginning, as described on the plots, to B; from B, down *Zachia Run*, to the mouth of *Jordan Run*, wherever the jury should believe it to be from the evidence, then up that run to F, then to the beginning.   Which instruction the Court, [*Stephen*, Ch. J. and *Key* and *Plater*, A. J.] gave to the jury.   The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

MIDDLETON *v* DYER.—1828.

A PLAT OF THE LAND.

## Explanations of the Plat.

The plaintiff located part of a tract of land called *Jordan,* which was devised by *John Smith* to his son *John,* by his will bearing date the 13th of April 1716, as follows: Beginning at A, and running thence to B, at the main run of *Zachia Swamp,* then down and binding with the meanders of said main run to C to D, and to E, at the mouth of *Jordan Run,* then up and with the old bed of *Jordan Run* to *a,* to *b,* to *c,* to *d,* to F, in the line from G to A, then with said line to A, the beginning, containing 631¼ acres.

The plaintiff located a piece of land on which he alleged the defendant had committed a trespass, &c. beginning at E, and running thence to *a,* to *b,* to *c,* to *d,* to *g,* to *h,* to *f,* to *e,* and then to E, the beginning.

The defendant located part of the tract of land called *Jordan,* devised by *John Smith to Sarah Smith* as his freehold, and for which he takes defence. Beginning at N on *Zachia Run,* and running thence up and with said run to *k,* then the dotted line to H on *Jordan Run,* then up and with *Jordan Branch* to the line from G to A, noted as *Baggot's* line, then with said line to G, then with the line of *Jordan* to *x,* then to N, the beginning.

The defendant counterlocated part of the tract of land called *Jordan* which was devised by *John Smith* to his son *John,* beginning at A and running thence with edge of low grounds of *Zachia Swamp* to *n,* to, &c then to H at *Jordan Run,* then up and with the said run to *Baggot's* line, then with said line to A the beginning.   [This location is represented on the preceding plat by the line from A to H.]

The cause was argued at June term 1827, before BUCHANAN, Ch. J. and EARLE and MARTIN, J.

*Stonestreet,* for the Appellant, contended, that the court below directed the jury to receive, as the correct location of the tract of land in dispute, that location which had been placed on the plots by the plaintiff below, whereas the true location of the land was a matter of fact, and belonged exclusively to the jury. He referred to *Howard's Lessee v. Cromwell,* 1 *Harr. & Johns.* 118.   There is no dispute (he said,)

about the title to the land, as both parties claim under the will of *John Smith,* the elder; but that the question arose under the devise to *Sarah Smith.* In the devises to *John* and *Sarah Smith,* and in the grant of the land, there is a manifest distinction between the expressions used of *Swamp* and *Branch.* If the court below had a right to direct the jury, yet they gave a wrong construction to the devise. The defendant below did not counterlocate the whole tract, but he counterlocated the plaintiff's location of *John Smith's* part under the devise to him. The adoption of one of those locations was a matter of fact for the jury. Where there are conflicting locations, the jury are to decide from the evidence.

*C. Dorsey,* for the Appellee, referred to *Jarrett's Lessee v West,* 1 *Harr. & Johns.* 501. He said that all locations made, which are not counterlocated, are admitted. Here the original tract is located by the plaintiff, which the defendant has not counterlocated. The construction which the court below gave to the devise to *John Smith,* he contended, was correct.

*Curia adv. vult.*

BUCHANAN, Ch. J. at this term, delivered the opinion of the court. This case is not without difficulty, and rests upon the intention of *John Smith,* to be collected from his will; in which the land devised to his son *John Smith,* is described as beginning at the first bounded tree of the devisor's land, and running thence "down *Zachia Swamp* to a branch called *Jordan's Branch,* and so up the branch," &c. The land so devised, is part of an original tract then owned by the devisor, called *Jordan.* The opinion of the court below seems to have gone on the ground, that by "*Zachia Swamp*" was meant "*Zachia Branch,*" treating them as synonimous terms; and that as the tract of land called *Jordan,* is expressed in the patent to run down and with, and to be bounded by the branch, the part devised to *John Smith,* should receive a corresponding location from the beginning tree of *Jordan,* to the mouth of *Jordan's Branch.* To accomplish which, departing from the expressions in the will, "running down *Zachia Swamp,*" the court assumed a course, from the beginning tree, across

the swamp to the branch, which appears to us to have been wrong.

Apart from the ordinary acceptation of the terms, the grant of *Jordan* takes a clear distinction between the swamp generally, and the particular object called for in designating it as "the main *Branch* of *Zachia Swamp;*" and though it may be necessary, in the location of *Jordan*, to shape a course from the beginning tree, across the swamp, to the main branch for which it calls, in order to gratify the binding expressions of the grant, "bounded on the east with the said main branch, and running down and with the said main branch," &c. Yet the will of *John Smith* has no such expressions or binding calls, but merely directs that the part of *Jordan*, devised to his son *John Smith*, shall begin at the beginning tree of the original tract, and run down *Zachia Swamp* to *Jordan's Branch*. And in locating the devise, we can perceive no authority in the will for running from the beginning tree, directly across the Swamp, to the main branch, and then down the branch to the mouth of *Jordan's Branch*, according to the instruction of the court, to which this exception was taken, instead of running down *Zachia Swamp* to *Jordan's Branch*, as directed by the will. There being no particular point on *Jordan's Branch* called for, the principal difficulty has been in determining what point of intersection was intended by the devisor; but taking the different parts of the will together, we think it sufficiently apparent that he meant the mouth of that stream.

The devise to his daughter, *Sarah Smith*, is of three hundred acres of land, "lying on the south side of *Jordan's Branch*, and running from *Zachia* up with the branch" to the out line of *Jordan;* thus constituting *Jordan's Branch*, from its mouth, the northern boundary of that devise throughout its whole extent on that side. The land devised to *John Smith*, is made to bind upon the opposite side of the same stream upwards from the point of intersection, by the provision authorising him, if he should not have three hundred acres on that side, to run over the branch, so as to make up the quantity of three hundred acres. From which it would seem to have been the intention of the devisor, if *John* should

have his quantity of three hundred acres without running over *Jordan's Branch,* that that stream should be the boundary, not only of *Sarah's* land from the mouth upwards, but co-extensively the boundary between the lands of *Sarah* and *John.* We, therefore, think that the devise to *John Smith* ought to be located from the beginning tree, by a course running down the general direction of *Zachia Swamp* to the mouth of *Jordan's Branch,* wherever that may be found to be.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.